

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Overruled by O-5933 A
AUG. [illegible] and
withdrawn

Honorable Sidney Latham
Secretary of State
Austin, Texas

Attention:  Mr. R. J. (Bob) Long

Dear Sir:

Opinion No. 0-5933
Re: May a corporation organized
under the general corpora-
tion laws with stock of no
par value convert its stock
of no par value into stock
of par value?

   You have requested an opinion of this department
upon the captioned question.  We quote from this request as
follows:

   "In your Opinion Number 0-5792 rendered to
Honorable O. P. Lockhart, Chairman of the Board
of Insurance Commissioners, your department held
that a no par value life insurance corporation
could not convert its stock without nominal or par
value to stock of par value.

   "This Department interprets the opinion as be-
ing applicable to corporations or ganized under
the general corporation Statutes and we have re-
fused to approve and file amendments to charters
of such corporations, seeking to change no par
value stock to par value stock.  The attorneys of
the corporations affected are contended that Opin-
ion Number 0-5792 does not apply to corporations
organized under the general corporation Statutes.

   "We, therefore, request an opinion from your
department advising us if a corporation organized
under the general corporation laws with stock of no
par value can convert its stock of no par value
into stock of par value."

Honorable Sidney Latham, page 2

Opinion No. O-5792 did specifically hold that a life insurance company whose shares of stock are without nominal or par value cannot legally convert such stock into stock with nominal or par value. However, in reaching this conclusion, the laws governing corporations in general were considered and applied, with reference thereto. The statute actually referred to being Article 1538h, Vernon's Annotated Civil Statutes, which reads:

"Any private corporation for profit, other than corporations authorized to conduct a banking or insurance business, having authorized shares with par or face value, or shares without nominal or par value, or both, may, by vote of the holders of a majority of its outstanding stock entitled to vote at any annual meeting or at any special meeting called and held for the purpose, amend its charter so as to change its shares or stock with par or face value, or any class or classes thereof, into the same number or into a larger or smaller number of shares without nominal or par value provided that all shares in any one class shall be changed on the same basis, or so as to change its shares without nominal or par value, or any class or classes therefor (thereof), into a larger or smaller number of shares without nominal or par value provided that all shares in any one class shall be changed on the same basis; and provided further that the preferences, rights, limitations, privileges and restrictions granted or imposed with respect to any shares of outstanding stock shall not be impaired, diminished or changed without the consent of the holder thereof. Whenever any such amendment shall be made effective, all the shares with par or face value of the class or classes specified in said amendment shall be deemed for all purposes to have been converted, on the basis in said amendment stated, shares without nominal or par value of the class or classes specified, and all of the shares without nominal or par value changed into a larger or smaller number of shares without nominal or par value shall be deemed for all purposes to have been converted, on the basis in said amendment stated, into such larger or smaller number of shares without nominal or par

value, and the corporation shall, in writing, notify all holders of shares of stock of the class or classes effected (affected) and shall thereafter, whenever any certificate for any such shares is presented for transfer or exchange, cancel the same, and in its place, issue, on the basis in said amendment stated, a new certificate, which shall conform to the provisions of Article 1538b hereof."

This article does permit conversion of par value stock into stock of no par value. There is no such authorization to the contrary; that is, for the conversion of stock of no par value into stock of par value.

It is elementary that all the powers of a corporation are derived exclusively from the Constitution and statutes. Since there is no power giving a corporation the right to convert stock of no par value into stock of par value, we agree with your department's interpretation of our Opinion No. O-5792.

Based on the foregoing, we answer your question in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Robert O. Koch*

Robert O. Koch
Assistant

ROK:db


APPROVED MAR 27 1944

*J. Blackburn*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN